**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:19-cr-00028** |
| | : | |
| **v.** | : | **Judge Algenon L. Marbley** |
| | : | |
| **STEVEN RICHARD SMASAL,** | : | |
| | : | |
| **Defendant.** | : | |

## OPINION AND ORDER

This matter is before this Court on Defendant Steven R. Smasal's Pro Se Motion for Early Termination or Reduction of Supervised Release. (ECF No. 13). For the reasons that follow, Defendant's Motion is **DENIED**. (ECF No. 13).

## I. BACKGROUND

In October 2013, Defendant uploaded two images of child pornography to Facebook and used the account to entice children to produce child pornography, engage in explicit chats, and to meet in person to engage in illicit acts. (ECF No. 14 at 3). This included offering a sixteen-year-old $15 if she and her ten-year-old sister would engage in sexually illicit acts with him. (*Id.*). While Defendant was released pending investigation, he planned a trip to China where Defendant intended to entice a minor to engage in sexual conduct with whom he had been communicating via Skype. (*Id.*). Defendant was arrested and charged before leaving the United States. (*Id.*).

In March 2015, Defendant was charged with one count of Travel with Intent to Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2423(b) and (e). (*Id.* at 1). During his interview with the PSR writer, Defendant admitted to the illegal nature of his actions, but acknowledged that

he sought out countries where sexual relations with female minors was considered less perverse. (*Id.* at 3-4). In the United States District Court for the District of Minnesota, Defendant pled guilty and was sentenced to fifty-one months imprisonment, a $100 special assessment, and a term of fifteen years of supervised release. (*Id.* at 1). Upon his release from the Bureau of Prisons in 2018, Defendant relocated to the Southern District of Ohio. (*Id.*). In February 2019, this Court accepted transfer of Defendant's supervised release. (*Id.*). In August 2020 and March 2022, upon request by the United States' Probation Office and Defendant, this Court granted two requests for Defendant to travel to the Philippines to visit his fiancée. (ECF Nos. 2; 3). The Probation Office justified the request citing Defendant's compliance with sex offender treatment, mental health treatment, regular polygraph examinations, and acknowledgment of his "past criminal thinking errors, deviant sexual fantasies, identification of triggers and poor self-regulation." (*Id.*).

The Government argues that the nature of Defendant's underlying conviction warrants no change to his term of supervised release. (ECF No. 14 at 2). Further, while the Government does not dispute that Defendant's fiancée lives in the Philippines, the Government alleges that the Skype messages at issue in the original investigation included multiple mentions of Defendant going to Cebu to visit and engage in sexual conduct with minors. (*Id.* at 4). Finally, the Government represents to this Court that Defendant's Probation Officer does not recommend early termination of supervised release. (*Id.* at 3-4).

In June 2026, Defendant filed a *pro se* Motion for Termination or Reduction of Supervised Release (ECF No. 13), asking this Court to terminate or reduce his remaining term of Supervised Release to seven and a half years due to his rehabilitation. (*Id.* at 2). Defendant points to his completion of all required treatment, including sex offender treatment, counseling at Maryhaven, RDAP, and relapse prevention. (*Id.*). Additionally, Defendant argues he "has no violations, passed

polygraphs, and is classified as stabilized and low risk." (*Id.*). Defendant also states that he has operated Landmark Logistics Inc. since 2019 and has filed tax returns between 2018 and 2025. (*Id.*). Finally, Defendant points to his stable housing and participation in community activities as further evidence of his compliance and rehabilitation. (*Id.*). In July 2026, the Government filed a Response in Opposition. (ECF No. 14). Therefore, this matter is ripe for review.

## II. LAW AND ANALYSIS

"After a defendant has served one full year of supervised release," this Court is empowered to "order early termination of the period of supervised release." *United States v. Green*, 2009 WL 1606603, at *1 (S.D. Ohio June 5, 2009) (Marbley, J.) (citing 18 U.S.C. § 3583(e)(1)). The relevant statute provides:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7):
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice

*Id*. Factors the Court should consider include the nature and circumstances of the offense; the history and characteristics of the defendant; whether adequate deterrence was afforded; protection of the public from further crimes of the defendant; providing the defendant with training and/or treatment; the sentencing range established by the guidelines; pertinent policy statements issued by the Sentencing Commission; the need to avoid sentence disparities; and the need to provide restitution to victims. *See id.*; 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

Upon consideration of the above factors, the Court finds that termination or reduction of supervised release is not warranted at this time. Here, the relevant factors this Court must consider include the nature of Defendant's crime, his criminal history, the need to deter criminal conduct, the possibility of further crimes, pertinent policy statements issued by the United States Sentencing Commission, and the sentencing range established by the guidelines. Defendant was convicted of a serious crime that was targeted at minors—one of the most vulnerable groups in our society. The Sentencing Commission recommends that when imposing a term of supervised release, the "term imposed [should be] long enough to address the purposes of imposing supervised release on the defendant." U.S.S.G. § 5D1.2, n.4. While this Court finds encouraging Defendant's compliance with his Court ordered treatment, the original purpose of this term of supervised release was to deter further crime, encourage Defendant's rehabilitation, and to ensure compliance with policy standards laid out by the United States Sentencing Guidelines ("U.S.S.G."). *See* U.S.S.G. § 5D1.2(b). Defendant's originally imposed fifteen-year term of supervised release achieves those goals.

It is well established that "full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." *United States v. Laughton*, No. 1:02-cr-20016 & No. 1:04-cr-20038-7, 2023 WL 2344235, at *2 (E.D. Mich. Feb. 28, 2023) (quoting *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005)). Therefore, while this Court acknowledges and applauds the work that Defendant has done to comply with the terms of his Supervised Release and rehabilitate himself, it does not demonstrate a substantial change of circumstances warranting early termination of supervised release.

## III. CONCLUSION

For the reasons thus stated, Defendant's Motion is **DENIED**. (ECF No. 13).

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: October 20, 2026**